**IN THE COURT OF APPEALS OF IOWA**

No. 23-1713
Filed February 5, 2025

**ABDALLA ELEHAMIR MOUSA,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

Abdalla Elehamir Mousa appeals the denial of his application for postconviction relief. **AFFIRMED.**

Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.

Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Abdalla Elehamir Mousa appeals the denial of his application for postconviction relief. He contends his trial counsel were ineffective for failing to investigate and call witnesses to testify, failing to properly cross-examine a key State witness, and requesting a modified jury instruction. Upon our review, we affirm.

### I. Background Facts and Proceedings.

A jury convicted Mousa of third-degree sexual abuse in 2019. In 2022, we affirmed his conviction on direct appeal and summarized the facts of the case:

> On the afternoon of August 24, 2016, C.K. and her best friend, Lacey, shared a bottle of wine at Lacey's house. At about 7:00 p.m., C.K. drove to a bar, where she and Lacey spent the next few hours drinking. The bartender called a cab to take them home. Lacey was dropped off first at about 11:00 p.m. C.K. declined Lacey's invitation to stay with her overnight. C.K. was dropped off and remembers being at her front gate, unable to find her cell phone or keys in her purse. She next remembers waking up on a couch in the basement of an unfamiliar house. Her skirt was up around her waist and a man was sitting at a nearby table, smoking a hookah.
> C.K. ran up the stairs avoiding Mousa's attempts to block her. She ran out the door of the house, yelling and screaming. Mousa followed her outside. At 1:43 a.m. on August 25, he called 9-1-1. The emergency log states the caller reported a woman wearing a blue skirt and black t-shirt. "She is lost and intoxicated. She was dropped off here by yellow cab."

*State v. Mousa*, No. 19-1748, 2022 WL 610315, at *1 (Iowa Ct. App. Mar. 2, 2022).

Two officers responded and took C.K. home, just across the street from Mousa's and one or two houses down. *Id.*

> Once home, C.K. began to notice the state of her clothes, her underwear, and her body. The back of her skirt was smeared and stained with dirt, and her underwear was stiff as if "stuff had dried." She saw fresh bruises along the inside of her thighs and felt severe pain in her vagina. . . . She told Lacey she had been sexually assaulted. C.K. also called her family doctor, . . . retrieve[d] her

clothes from the night before, and went to the hospital for a sexual assault exam.

*Id.* at *2. The exam, which found internal physical evidence of a sexual assault, sparked an investigation. The police questioned Mousa and obtained a DNA sample, which matched the swabs obtained from C.K.'s sexual assault exam. The State charged Mousa with third-degree sexual abuse.

At the five-day trial, the State called several witnesses to testify, including both C.K. and Lacey. Mousa testified in his own defense and called another witness to testify. After both sides had rested, Mousa requested modification of a jury instruction regarding intoxication. The court accepted the proposed jury instruction and submitted the case to the jury. After its deliberation, the jury convicted Mousa of third-degree sexual abuse. Mousa directly appealed, and we affirmed his conviction. *See id.* at *6. Mousa then applied for postconviction relief, contending his trial counsel were ineffective. After a hearing, the court denied his application. He appeals.

## II.    Review.

We generally review denials of postconviction relief applications for correction of errors at law. *See Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). But because ineffective-assistance-of-counsel claims raise constitutional issues, our review is de novo. *See Goode v. State*, 920 N.W.2d 520, 523–24 (Iowa 2018).

## III.    Discussion.

"To prevail on an ineffective-assistance-of-counsel claim, the claimant must satisfy [a] two-prong test by proving that his trial counsel failed to perform an essential duty and prejudice resulted." *State v. Majors*, 940 N.W.2d 372, 391

(Iowa 2020) (applying the two-prong test for ineffective-assistance claims set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Under the first prong, our presumption is that counsel performed competently unless the claimant proves otherwise by a preponderance of the evidence," which we measure "objectively against the prevailing professional norms." *Id.* To establish prejudice under the second prong, "the claimant must prove by a reasonable probability that, but for counsel's failure to perform an essential duty, the result of the proceeding would have been different." *Id.* (citation omitted).

Mousa argues on appeal that his trial counsel were ineffective on several grounds: (1) their alleged failure to investigate and call eyewitnesses to testify at trial; (2) their cross-examination of Lacey at trial; and (3) the modification of Jury Instruction No. 20. We consider each argument in turn.

*A. Alleged Failure to Investigate.*

Mousa first argues that his trial counsel failed to investigate and call several witnesses to testify. Specifically, he alleges that his counsel should have called his housemates or neighbors to corroborate his own testimony. But he does not provide a single name of any potential witness nor explain what their testimony would be. Mousa similarly makes only one cursory argument on prejudice, claiming that the witnesses' testimonies "had the potential to create doubt" about C.K.'s testimony. But "these types of conclusory claims of prejudice are not sufficient to satisfy the prejudice element." *Jackson v. State*, No. 20-1361, 2021 WL 5918050, at *2 (Iowa Ct. App. Dec. 15, 2021) (cleaned up). As the district court correctly stated, Mousa failed "to show who these witnesses were and what, if any, helpful evidence they could have provided." Without presenting any

evidence, he cannot effectively establish prejudice, and his entire ineffectiveness argument fails. *See Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) ("If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently."). We therefore affirm.

### B. Alleged Failure to Cross-Examine.

Mousa next contends that his trial counsel should have more effectively cross-examined Lacey at trial because her story somewhat conflicted with C.K.'s. But again, he fails to provide any evidence of prejudice. While Mousa loosely asserts that "there were many inconsistencies in [Lacey's] testimony," he does not cite a single one. Without this necessary step, we cannot find that Mousa adequately established prejudice. In fact, as the court correctly pointed out, "there was a valid strategic reason for defense counsel to avoid highlighting some of the inconsistencies in the victim's account." Lacey testified that C.K. was highly intoxicated that night, and Mousa confessed to engaging in sexual activity with her. Accordingly, we do not find any resulting prejudice and similarly affirm.

### C. Modification of Jury Instructions.

Finally, Mousa contends that his trial counsel requested an "erroneous" jury instruction. Jury Instruction No. 20 states: "The fact that C.K. may have been under the influence of alcohol is only material to whether the act was done by force or against the will of C.K." Mousa's counsel requested this instruction because he was worried the jury would "conclude that she was unable to consent to any sort of sex act" and "fault Mr. Mousa for engaging in a sex act with her" while she was intoxicated. He similarly expressed his desire to maintain "a balancing act" between fighting C.K.'s credibility without drawing attention to her high level of

intoxication. While Mousa argues this ultimately "confused the jury," we do not fault trial counsel for making reasonable strategic decisions. *See id.* at 143 (finding strategic decisions "virtually unchallengeable" when accompanied by thorough investigation). Moreover, Mousa provides no evidence that the jury *was* confused or that a different instruction would have changed the outcome.[1] We therefore must affirm.

### IV. Disposition.

Because Mousa did not establish either of his trial counsel were ineffective, we affirm the denial of his application for postconviction relief.

**AFFIRMED.**

---

[1] Mousa does argue that we should presume prejudice or, in the alternative, at least shift the burden to the State. But Mousa does not cite an authority that applies this standard in postconviction proceedings. *See* Iowa R. App. P. 6.903(2)(a)(8)(3) (stating an appellant waives issues on appeal by failing to cite supporting authority). We therefore do not consider the merits of this argument.